IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV363-03-MU

| | |
|---|---|
| LARRY JEROME WILLIAMS JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RON MOORE; HOWARD McGLOHON; )<br>DENNIS WINNERS )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed on November 2, 2006 (Document No. 1.)

Plaintiff names three defendants to his §1983 Complaint: Ron Moore, the Buncombe County District Attorney, Howard McGlohon, Public Defender and Buncombe County Judge Dennis Winners. Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

As an initial matter the Court notes that through this § 1983 Complaint, Plaintiff is attempting to attack his underlying conviction. Plaintiff complains that he received an improper sentence as a result of the Defendants actions and that he is not guilty of the crime of murder for which he was convicted. A § 1983 suit is not the proper vehicle to attack an underlying state conviction.

Furthermore, the named defendants are either not amendable to suit under §1983 or are immune from suit under §1983. Defendant attorney Howard McGlohon is not amenable to suit

1

under 42 U.S.C. § 1983. Defense attorneys, whether privately retained or publically appointed, are not amenable to suit under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (recognizing that state paid public defender representing a criminal defendant occupied a sufficiently independent and adversarial role to the state such that he did not act under color of state law); Bryant v. N.C. Prisoner Legal Servs. Inc., 1 F.3d 1232 (4th Cir. 1993) (unpublished table decision) ("NCPLS and its attorneys are not state actors amendable to suit under 42 U.S.C. § 1983."). Attorney McGlohon is therefore dismissed. Next, Judge Winners and District Attorney Moore are immune from this type of lawsuit. Stump v. Sparkman, 435 U.S. 349, 356-357 (1978); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985); see also, Imbler v. Patchman, 424 U.S. 409, 430-31 (1976); Kalina v. Fletcher, 522 U.S. 118, 127 (1997).

For the reasons stated above, Plaintiff's Complaint is dismissed for failure to state a claim for relief. Moreover, the Defendants named are either not amendable to suit under §1983 or are immune from suit under §1983.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: November 7, 2006

Graham C. Mullen
United States District Judge

2